## BOB HICKS v. STATE.

No. A-5275. Opinion Filed Nov. 5, 1925.
Rehearing Denied Dec. 5, 1925.
(240 Pac. 1088.)

Bert Van Leuven and C. F. Gowdy, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charges that on June 20, 1923, Bob Hicks and Campbell Keys did transport 5 gallons of corn whisky from a place in Nowata county, unknown, to a place in the public road near the bridge on Snow creek near the northwest corner of section 34, township 29, range 16, Nowata county.

On his separate trial, the jury found the defendant Bob Hicks guilty as charged in the information, and fixed his punishment at a fine of $250 and confinement in the county jail for 60 days.

The testimony of C. T. Buzzi, federal prohibition agent, E. A. Haverfield and Buck George, deputy sheriffs shows that, driving along the road about 4 miles south of Coffeyville as they came to the bridge across Snow creek they were stopped by the defendant, Bob Hicks, who was apparently giving signals to a man in a car that was stuck in a mudhole about 50 steps beyond; that they stopped and walked up to the car and found a broken 5-gallon jug with whisky running out of it over the running board of the car, and there was a six-shooter in the car. They arrested the defendants.

At the close of the state's evidence, there was a motion by the defendant for a directed verdict, on the ground that the proof in the case wholly failed to sustain the offense charged in the information, which motion was overruled. There was no testimony offered on the part of the defense.

A number of errors are assigned. We have examined and considered them, but find it unnecessary to discuss the points raised, since we are convinced that no prejudicial error occurred in the admission of evidence or in the giving or refusing of instructions.

The assignment that the verdict is not sustained by

sufficient evidence is, we think, without merit. There is no controversy as to the facts, and we cannot see how any jury, under the evidence, could have returned a verdict otherwise than one of guilty.

The judgment of the court below is therefore affirmed.

BESSEY, P. J., and EDWARDS, J., concur.